BRIGGS ET AL. v. BRIGGS ET AL.

69  617
119  741
69  617
128  617

1. **Will:** CONSTRUCTION: AFTER-ACQUIRED PROPERTY: CODE, § 2323. Section 2323 of the Code, which provides that "property to be subsequently acquired may be devised, when the intention is clear and explicit," has the effect only to extend to real property the rule which before existed at common law in regard to personalty; and the meaning of the section is, that subsequently-acquired property shall be held to pass by the bequest, whenever the intention of the testator to have it so pass is fairly to be inferred from the provisions of the will, when constructed according to the established rules for the construction of such instruments. Accordingly, where the testator devised the remainder of his personal property and the whole of his real estate to plaintiffs, *held* that it carried to plaintiffs real estate, the title of which the testator acquired after the execution of the will in question.

*Appeal from Mitchell Circuit Court.*

THURSDAY, OCTOBER 21.

ACTION in equity to quiet in plaintiffs the title to certain real estate. The parties, plaintiffs and defendants, are the children and heirs at law of Daniel M. Briggs, who died testate at Oneida county, in the state of New York, on the twenty-second day of January, 1883. His will was executed on the eighteenth day of November, 1876, and it has been admitted to probate in the state of New York, and also in this state. It contains the following bequest, viz: "I give and bequeath to my daughters, Adelaide C. Briggs and Emma A. Briggs, [the plaintiffs herein,] the remainder of all my personal property, and the whole of my real estate, to be divided between them share and share alike." The testate acquired the real estate in question by devise from his brother, George Briggs, who died in Mitchell county, in this state, in the month of June, 1882. The will of the said George Briggs was executed in June, 1871. The plaintiffs had judgment in the circuit court as prayed for in their petition, and the defendants appeal.

*Cyrus Foreman* and *Ogden H. Fethers*, for appellants.

*F. F. Coffin*, for appellees.

REED, J.—Daniel M. Briggs acquired the real estate in question after the execution of his will, and the question which arises in the case is whether it passed to plaintiffs under the bequest set out in the foregoing statement. Under the common law, a testator had no power to bequeath subsequently acquired real estate,—seizure at the time of executing the will being requisite to enable him to convey. This rule has been abrogated by statute in this and many of the other states of this country in which the common law prevails, and in England. Our statute on the subject is section 2323 of the Code, and is as follows: "Property to be subsequently acquired may be devised, when the intention is clear and explicit." It is to be observed that the rule established by this provision relates to the disposition of property of every description, and not to real estate alone. In this respect the statute differs from those of most of the other states by which the common-law rule above referred to was abrogated. The word "property," when used in the statutes of this state without qualification or limitation, includes both real and personal property. Code, § 45, subd. 10. Under the common law, however, the testator could bequeath personal property to be subsequently acquired. The statute creates no new power with reference to the disposal of that class of property, but simply re-enacts what has always been the law on that subject, and what would have continued to be the law without any enactment on the subject. The manifest intention of the legislature was to confer upon the testator the same power with reference to the disposal of both classes of property which had formerly existed with reference to the disposal of personal property. The same rules of construction should therefore be now applied, in determining whether subsequently-acquired

real estate passes by devise, which before the enactment of the statute were applied in determining the same question with reference to personal property, unless the words, " when the intention is clear and explicit," as contained in the statute, modify or change them. We are of the opinion, however, that no new rule of construction is created by this provision. The meaning of the section is, we think, that subsequently-acquired property shall be held to pass by the bequest, whenever the intent of the testator to have it so pass is fairly to be inferred from the provision of the will, when construed according to the established rules for the construction of such instruments; and it is not necessary that the intention be expressed in direct language. The supreme court of Massachusetts in *Winchester v. Forster*, 3 Cush., 366, placed this construction on a statute of that state which contains substantially the same language as the section in question.

We come, then, to the question whether the devise in this case passes the real estate acquired by the testate after the execution of his will. The bequest was of the "remainder of my personal property, and the whole of my real estate." By other provisions of the will specific devises were made to other of the children of the testator. By the provision in question it is manifest that the testator intended to bestow the residuum of his estate, after the payment of the specific bequests, upon the plaintiffs. Bequests in this form, of the residue of the estate, have always been held to carry the residuum of all the personal property owned by the testator at the time of his death. As to that class of property the rule is that the will speaks from the time of the death, and not from the date of its execution. 1 Redf. Wills, § 30; *Canfield v. Bostwick*, 21 Conn., 550; *Gold v. Judson*, Id., 615.

The reason of this rule is found in the very nature of the testamentary act. By that act the testator makes a disposition of his property which is to take effect at his death. His language necessarily relates to that time, and he speaks in anticipation of that event. When he declares it to be his

will that the residuum of his estate shall pass to a named leg-atee, the only reasonable inference from his language is that he intends that the person named shall take the residue of all the property of which he shall be possessed at the time of his death. It was not the intention of the legislature in enacting the statute in question to change the rule; but it was enacted for the purpose of extending the operation of the rule, and making it applicable to real as well as personal property. Substantially the same construction has been placed upon similar statutes in Ohio and Massachusetts. See *James v. Pruden*, 14 Ohio St., 251; *Cushing v. Aylwin*, 12 Metc., 169; *Blaney v. Blaney*, 1 Cush., 107. Those stat-utes do not, by express provision, enact that a general devise of real estate shall be held to speak from the death of the testator, as is contended by counsel for appellant. The lan-guage which has been considered by the courts in settling the rule in those states is not broader than that contained in our statute, and the rule adopted is based upon a construction of that language.

The judgment of the circuit court is in accord with this view and it will be

AFFIRMED.