JOSEPH DONOHUE v. LOUISE DONOHUE, as *Administratrix* of the estate of Thomas Donohue, deceased, et al.

1. WILL — *Construction* — *Evidence in Aid of.*    While no construction can be indulged which is in conflict with the intention of the testator, as expressed in his will, yet when the will has been written by an illiterate person, without any punctuation marks whatever, and its language is at all doubtful, evidence as to the condition of the testator's property, family, etc., is admissible in construing its terms.

2. CONDITIONAL DEVISE — *Effect.*    It is the rule that a condition or direction imposed on a devisee to pay a sum of money enlarges the devise to him, without words of limitation, into an absolute estate in fee.

3. DEVISEE, *Liability of.*    Where a will burdens the youngest daughter of the testator, who is first named in the will, with the duty of paying $1,500 of legacies to the other heirs of the testator, after the death of her mother, "off the estate," the fund is designated as well as a personal liability imposed.

### *Error from Atchison District Court.*

THIS action was brought on the 23d day of January, 1889, by *Joseph Donohue* against *Louise Donohue,* as administratrix with the will annexed of Thomas Donohue, deceased, Louise Donohue, Catherine McFadden, Jennie Ashe, John J. Donohue, Bridget Donohue, and George Saxton, Salina Ruth Saxton, Alice Saxton, and Thomas Clayton Saxton, minors, defendants, for a judicial construction of the last will and testament of Thomas Donohue, deceased.    The will is in words and figures as follows:

"FARMINGTON, KANSAS, ATCHISON COUNTY,  
            September the 26th, 1887.

"Last will and testiment of Thomas Donohue being of sound mind do agree to dispose of my real estate and personal property in the following manner  The south east quarter of sec. fifteen (15) in town ship six (6) in range nineteen (19) and forty (40) acres in the south west quarter in sec. (15) fifteen in town ship (6) six in range 19  nineteen cituated in the county of Atchison and in the state of Kansas  the above described  property must remain in bee half of Louise Donohue and Bridget  Donohue her  mother during said

Bridget Donohue natuiral life or as loug as said Bridget Donohue remains the wife of said Thomas Donohue and all of the above said personal property to remain in behalf of said Louise Donohue and said Bridget Donohue her mother After the death of said Bridget Donohue the said Louise Donohue shall pay off the estate to the followin ares the sum of three hundred dollars each to Joseph Donohue or his ares the sum of three hundred dollars to the deceased Ellin Saxon ares the sum of three hundred dollars to John J. Donohue or his ares the sum of three hundred dollars to Katherine McFaden or her ares the sum of three hundred dollars to Jane Ash or her ares the sum of three hundred dollars.

(*Witnesses*)    M. T. BURK      THOMAS DONOHUE
           JOHN DIEBOLT      BRIDGET DONOHUE

"I do hear by sertify that this is a true statement made be for me this 26 day of September 1887 I being a qualified justis of the peace          J. L. QUIETT."

December 17, 1887, Thomas Donohue died, seized in fee simple of the real estate described in the will. Trial had on the 1st day of July, 1889, before the court without a jury. The court, having heard the evidence and argument of counsel, found

"That on September 26, 1887, Thomas Donohue duly executed his last will and testament, a copy of which is set forth in the plaintiff's petition; and on December 17, 1887, Thomas Donohue departed this life, leaving this will as his last will and testament, and leaving as his sole heirs-at-law Bridget Donohue, his widow; Joseph Donohue, John J. Donohue, Jennie Ashe, Catharine McFadden, and Louise Donohue, his children; and George Saxton, Salina Ruth Saxton, Alice Saxton, and Thomas Clayton Saxton, his grandchildren, being the children of his deceased daughter, Ellen Saxton; the above being the sole and only heirs-at-law of the said Thomas Donohue. That on January 10, 1889, the will was duly probated in Atchison county, state of Kansas, and Louise Donohue was duly appointed the administratrix with the will annexed thereunder, and duly qualified as such administratrix; that Thomas Donohue died possessed of $1,832 worth of personal property; that the funeral expenses, together with the sums owing by the testator at the time of his death, amounted to about $500, which has been paid out of the personal property by the administratrix; that Thomas

Donohue also died possessed in fee simple of the southeast quarter of section 15, and the southeast quarter of the southwest quarter of section 15, all in township 6, in range 19, in Atchison county, state of Kansas, amounting to 200 acres; that by his will Thomas Donohue bequeathed his personal property jointly to Louise Donohue and Bridget Donohue, and devised his real property to Louise Donohue in fee simple, subject only to its joint use and occupancy by Bridget Donohue equally with herself during the widowhood of Bridget Donohue, and the payment of $1,500 in legacies to the other heirs as provided therein, at the death of Bridget Donohue."

In accordance with the foregoing findings, the court decreed that the personal property belonging to Thomas Donohue at his death was by the terms of the will the joint property of Louise Donohue and Bridget Donohue. The court further decreed that Louise Donohue took a fee-simple title to the real estate described in the will, subject to the joint use and occupancy by Bridget Donohue during her widowhood, and that, at the death of Bridget Donohue, Louise Donohue was required to pay to each of the following persons the sum of $300: Joseph Donohue, John J. Donohue, Jennie Ashe, Catherine McFadden; to George Saxton, Salina Ruth Saxton, Alice and Thomas Clayton Saxton, jointly, $300.

Judgment was rendered for the defendants for costs, against the plaintiff. *Joseph Donohue* excepted, and brings the case here.

*John C. Tomlinson*, and *Solomon & Bland*, for plaintiff in error.

*C. D. Walker*, for defendants in error, except John J. Donohue.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial, evidence was received showing that Louise Donohue was the youngest child of Thomas Donohue; that at the time of his death the family consisted of himself, his wife, Bridget, and his daughter Louise; that prior to and at the time of the execution of his

will Joseph Donohue and his father were unfriendly; also the value of the personal and real property of which he died possessed, together with the amount of his debts. It is insisted that all of this evidence should have been rejected, upon the ground that the terms of the will are clear and unambiguous. The will was written by an illiterate person, without a punctuation mark of any kind. Every will should be construed in accordance with the intention of the testator, as expressed in or implied from the language.

"Yet a court of construction cannot shut its eyes to the statement of facts under which the will was made. On the contrary, an investigation of such facts often materially aids in the elucidation or scheme of disposition which occupies the mind of the testator. To this end it is obviously essential that the judicial expositor places himself as fully as possible in the situation of the person whose language he has to interpret." (1 Jarm. Wills, 736.)

Therefore, evidence as to the condition of the testator's property, family, etc., is often admissible. We think in this case the trial court committed no error in receiving the evidence complained of.

The contention is, that the will devises a joint and equally limited estate in the real estate to Louise and to Bridget Donohue, and that that estate will terminate on the death or marriage of the latter. The trial court decided that Thomas Donohue, by his will, devised his real property to Louise Donohue in fee simple, subject only to its joint use and occupancy by her mother and herself during the widowhood of her mother, and the payment of $1,500 in legacies to the other heirs of Thomas Donahue at the death of her mother. It will be observed that, by the terms of the will, Louise was to pay "off the estate" the sum of $300 to each of the five heirs at the death of her mother. It is not a fair construction of the will to say that this is a charge against the personal property of the estate alone. The will provides that these legacies shall not be paid till "after the death of said Bridget Donohue." The personal property was appraised at

$1,832. The funeral expenses and the debts owing by the testator at the time of his death amounted to about $500. After paying the debts, there was left about $1,300 of personal property, to be divided between Louise and Bridget Donohue, or $650 each, provided the personal property brought the amount it was appraised at. Hence the personal property alone belonging to Louise Donohue was not sufficient to pay the $1,500 of legacies.

The statute provides that "Every devise of real property, in any will, shall be construed to convey all the estate of the testator therein, which he could lawfully devise, unless it shall clearly appear by the will that the testator intended to convey a less estate." (Gen. Stat of 1868, ch. 117, § 54, Oct. 31; Gen. Stat. of 1889, ¶ 7258.) It is the rule that a condition or direction imposed on a devisee to pay a sum of money enlarges the devise to him, without words of limitation, into an absolute estate in fee. In this case the $1,500 to be paid by Louise Donohue after the death of her mother is a charge both upon the estate devised and upon Louise, for the legacies are to be "paid off the estate" by her. The fund is designated and a personal liability imposed. (*Barheydt v. Barheydt,* 20 Wend. 576.) It is not reasonable to suppose that it was the intention of Thomas Donohue, considering his affection for his daughter Louise, who was first named in the will, that he would burden her with the duty of paying, after the death of her mother, $1,500 of legacies out of his estate to the other heirs, if the balance of the realty or the proceeds thereof were to be distributed equally among all the heirs.

Upon the record, we must sustain the construction given to the will by the trial court, and therefore the judgment will be affirmed.

All the Justices concurring.