Durboraw v. Durboraw.

---

John R. Durboraw *et al.* v. Alexander Durboraw *et al.*

No. **13,158.** ( 72 Pac. 566.)

SYLLABUS BY THE COURT.

Wills—*After-acquired Real Estate—Devise Construed.* A will provided as follows: "First, I direct that my just debts and funeral expenses be fully paid; second, I hereby devise and bequeath to my grandson Alexander Durboraw all my real and personal property of every description and wherever situate. The real property above referred to is more particularly described as follows:" (giving a description of the real estate then owned by the testator.) *Held*, that the particular description was intended merely as an exhibition of the present location and extent of the devisor's landed estate, and not as a limitation of the preceding grant; and that the will clearly and manifestly indicated an intention to pass subsequently acquired real estate.

Error from Bourbon district court; W. L. SIMONS, judge. Opinion filed May 9, 1903. Affirmed.

*John H. Crain,* for plaintiffs in error.

*W. P. Dillard,* and *C. E. Hulett,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: This controversy arises over the construction of a will of real estate. Prior to July 29, 1895, the testator was the owner of the land in dispute. On that day he conveyed it to another. Upon October 11, 1895, he made his will, in the following terms:

"I, James S. Durboraw, of Drywood township, Bourbon county, Kansas, being of sound mind and dispo‍ing memory, do make and publish this my last will and testament.

"First: I direct that my just debts and funeral expenses be fully paid.

"Second: I hereby devise and bequeath to my grandson Alexander Durboraw all my real and personal property of every description and wherever situate. The real property above referred to is more particularly described as follows: The undivided one-half of the northeast quarter of section eleven (11), township twenty-six (26), range twenty-five (25), situate in Bourbon county, Kansas; also the undivided one-half (½) of the northwest quarter of section eleven (11), township twenty-seven (27), range twenty-three (23), situate in Bourbon county, Kansas; also the sixty acres I still own of the home place, where I have lived for the last twenty-five years.

"Third: I hereby nominate my daughter Mary Dalton to be executrix of this my last will and testament, without bond. And it is my further wish that the executrix above named be not required by the pro-

bate court to make or return any inventory of my property.

"In witness whereof, I hereunto sign my name to the above and foregoing as and for my last will and testament, this 27th day of September, 1895.

JAMES S. DURBORAW."

Upon October 29, 1895, the tract in question was reconveyed to him, and he continued to own it until his death, two years later.  At the date of the will he owned no real estate except that described therein. If the after-acquired real estate passed by the will the decision of the district court was correct.  What is the law ?

Section 7991, General Statutes of 1901, reads as follows :

"Any estate or interest in lands or personal estate or other property acquired by the testator after the making of his will shall pass thereby in like manner as if held or possessed at the time of making the will, if such shall clearly and manifestly appear by the will to have been the intention of the testator."

Under this statute it is not necessary that the will show that the testator had in contemplation at the time of making it the future acquisiton of real estate which he intended should pass thereby.  (*Winchester v. Forster*, 3 Cush. 366.)  Nor is it necessary that real estate to be acquired in the future be referred to in express terms in order to pass.  The words "clearly and manifestly" are themselves indefinite, and the statute does nothing more than require that the will disclose an intention that such land pass under it.

In *Brimmer v. Sohier, Executor*, 1 Cush. 118, 132, it was said :

"The Rev. Sts. c. 62, § 3, provide that 'any estate, right or interest in lands, acquired by the testator after the making of his will, shall pass thereby in like

manner as if possessed at the time of making the will, if such shall clearly and manifestly appear, by the will, to have been the intention of the testator.'

"It is not supposed that the intensives 'clearly and manifestly,' as used in this section, can have any well-defined or precise effect in the construction of wills. They are too vague and indeterminate to form a rule of much practical use. The statute requires, undoubtedly, that the intention of the testator should be fairly inferable from the will, but it does not require an express declaration. The intention is a matter of deduction or inference from given premises."

In *Briggs v. Briggs*, 69 Iowa, 617, 29 N. W. 632, the opinion said :

"Under the common law, a testator had no power to bequeath subsequently acquired real estate—seizure at the time of executing the will being requisite to enable him to convey. This rule has been abrogated by statute in this and many of the other states of this country in which the common law prevails, and in England. Our statute on the subject is section 2323 of the code, and is as follows : 'Property to be subsequently acquired may be devised when the intention is clear and explicit.' It is to be observed that the rule established by this provision relates to the disposition of property of every description, and not to real estate alone. In this respect the statute differs from those of most of the other states by which the common-law rule above referred to was abrogated. The word 'property,' when used in the statutes of this state without qualification or limitation, includes both real and personal property. Code, § 45, subd. 10 Under the common law, however, the testator could bequeath personal property to be subsequently acquired. The statute creates no new power with reference to the disposal of that class of property, but simply reenacts what has always been the law on that subject, and what would have continued to be the law without any enactment of the subject. The manifest intention of the legislature was to confer

upon the testator the same power with reference t(
the disposal of both' classes of property which hac
formerly existed with reference to the disposal of per-
sonal property. The same rules. of construction
should therefore be now applied in determining
whether subsequently acquired real estate passes by.
devise which before the enactment of the statute
were applied in determining the same question with
reference to personal property, unless the words,
'when the intention is clear and explicit,' as con-
tained in the statute, modify or change them. We
are of the opinion, however, that no new rule of con-
struction is created by this provision. The meaning
of the section is, we think, that subsequently acquired
property shall be held to pass by the bequest, when-
ever the intent of the testator to have it so pass is
fairly to be inferred from the provision of the will,
when construed according to the established rules for
the construction of such instruments ; and it is not
necessary that the intention be expressed in direct
language."

Besides this, a will, it was said, "speaks from the
death of the testator.". (*Haley v. Gatewood*, 74 Tex.
281, 12 S. W. 25.) The testator makes his will in
view of that circumstance. He understands that, until
his decease, the will is ambulatory, and that he may
buy and sell at pleasure, but that, being written in
anticipation of that event, his language must neces-
sarily be referable thereto. Hence the will must be
so construed as to prevent intestacy with reference to
any portion of the decedent's estate, if that can rea-
sonably be done. (*Mann v. Hyde*, 71 Mich. 278, 39
N. W. 78 ; *State of Connecticut v. Smith*, 52 Conn. 557,
563 ; *Vernon v. Vernon et al.*, 53 N. Y. 351 ; *Given v.
Hilton*, 95 U. S. 591, 24 L. Ed. 458 ; *Hardenburgh v.
Ray*, 151 id. 112, 127, 14 Sup. Ct. 305, 38 L. Ed. 93 ;
*Patty v. Goolsby*, 51 Ark. 61, 9 S. W. 846.)

In view of these rules, it would seem that the par-

ticular description contained in the will under consideration was intended merely as an exhibition of the present location and extent of the devisor's landed estate, and not as a limitation upon the preceding grant. The language is, "all my real and personal property of every description and wherever situate." At the testator's death his devisee was to take. It was then his debts and funeral expenses were to be paid; it was then his personal property was to vest; it was then his real property was to pass; it was then all the property he had was to go to his grandson. The conclusion seems irresistible that the devisor intended that he should not die intestate as to any item of his property, and hence that all the real estate he died seized of should be disposed of by the will.

The judgment of the district court is affirmed.

All the Justices concurring.