## ROCK et al. v. ZIMMERMANN et al.

A crop yet to be grown may be bequeathed.

Rev. Civ. Code, § 1050, provides that a devise of all testator's
real property in express terms, or in any other terms denoting his
intent to dispose of all his real property, passes all the real property
he was entitled to dispose of. By a clause of his will, testator de-
vised to persons named all the rest and remainder of his real prop-
erty, but provided that such devise should not affect the real prop-
erty which he had in his will before specifically devised, but that the
real property intended was what he had not before specifically de-
vised, and, so far as he was able to remember at the time, con-
sisted of tracts which he then proceeded to describe. **Held,** that
testator intended by such clause to devise all his real property not
specifically devised. whether he had more or less than he could then
remember.

A bequest of all wheat of which testator was the owner stored
on lands belonging to him and one-half of all grain that might be
raised on such lands during a year named was a specific bequest.

Testator, by a clause of his will, gave his daughter all wheat of
which he was the owner stored on lands belonging to him and one-
half of all grain that might be raised on such lands during a year
named. By another clause he directed that, should there not be
sufficient funds to pay certain legacies, expenses of administration,
etc., then so much of his personal property as was necessary to
complete the payment thereof should be used for such purpose. **Held,**
that the bequest to the daughter was subject to be used if needed
to pay the legacies, expenses, etc., mentioned in the other clause.

Error, if any, in the admission of evidence to aid in the con-

struction of a will, was harmless where the court properly interpreted the will.

(Opinion filed, March 23, 1910.)

Appeal from Circuit Court, Brown County. Hon. J. H. McCoy, Judge.

Action by H. J. Rock and another, as executors of the will of John G. Zimmermann, deceased, against Laura Zimmermann and others. From the judgment, Laura Zimmermann took one appeal and certain other of the defendants another appeal, which appeals were submitted together. Affirmed.

*Taubman & Williamson,* for appellant Laura Zimmerman. *Campbell & Taylor,* for other appellants. *L. W. Crofoot,* for respondent.

WHITING, P. J. Two appeals taken by different defendants from the judgment in one cause are submitted together by consent of the court. The only matter for determination is the construction to be given to the will of one John G. Zimmermann. It is unnecessary to recite the contents of such will in full. A fair synopsis of the same, so far as material to this appeal, is as follows: By the first clause he directed a vault to be constructed for the interment of his body, and a monument costing not less than $3,000 to be erected. This was to be done under the direction of Joseph Bockler, one of his executors, who was to receive $500 as compensation for this special service. By the fourth and sixth clauses he divided all of his South Dakota real estate between his daughters Laura Zimmermann and Rose Schwengel by specific descriptions. The fifth clause of the will is as follows: "Fifth. I give, devise and bequeath to my said daughter Laura Zimmermann, all wheat of which I am the owner or in which I have any interest, stored on lands belonging to me situate in South Dakota or Minnesota; and I give and bequeath to my said daughter Laura Zimmermann one-half of any and all grain that may be sowed or raised on any of my said lands during the year 1906." Seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth clauses give certain money legacies amounting to $5,500 to his other children, grandchildren, brother, and other persons. The fifteenth clause is as follows: "Fifteenth. I give,

devise and bequeath to my brother, Charles W. Zimmermann, my brother, Michael F. Zimmermann, my sister, Minnie Blankenburg, my sister, Paulina Turner, and my sister, Emma Lindekugel, all the rest, residue and remainder of my real property. This devise does not carry with it the crops to be grown thereon during the year 1906, and the real property hereinbefore specifically devised and described is not to be affected by this clause of my will, but said real property is such real property as has not been hereinbefore specifically described or devised, and so far as I am able to remember at this time, consists of a homestead in the southwest quarter section one, in the town of Dover, in Olmstead county, in Minnesota, and the west half of section thirty-one, in township one hundred and seven, range ten, in the town of Elba, and a forty acre lot in the same township, all in said Minnesota." The next clause of said will is as follows: "Sixteenth. The foregoing legacies and bequests of sums of money are to be paid out of any moneys standing to my credit or belonging to me at the time of my death, as is the five hundred dollars extra compensation to be paid to said Joseph Bockler for his services in selecting my monument and in performing other services in connection with my interment, and the compensation to be paid my executors for their services as such, in the administration of my estate, shall be paid from the same source. Should there not be sufficient funds for such purposes, so much of my personal property as is necessary to complete the payment of said legacies and bequests and said compensation to said Joseph Bockler and the compensation to be paid my executors, and the purchase of said monument and the expenses of my interment, and the expenses of my last illness, shall be used and applied for such purposes, and the remainder of my personal property shall go to my said daughter Laura Zimmermann, and I hereby bequeath such balance and remainder of said personal property to her." The seventeenth clause bequeaths $200 to the Hillside Cemetery Association to be expended in keeping his burial lot in good order and condition.

Upon the trial of this case below the court admitted oral testimony in explanation of certain clauses in the will. It is conceded that some of this testimony was properly received, but it is the

contention of some of the appellants that certain evidence which was received for the purpose of showing the amount of different kinds of property of which the deceased died possessed, and as to the business qualifications and peculiarities of such deceased, was inadmissible. The trial court, after making certain findings of fact and conclusions of law, entered a judgment giving effect to such will in accordance with the interpretation of the same as made by the court; the court considering both the will and the above evidence in arriving at such interpretation. The court held that, while the "Fifth" clause provided for a specific bequest to the daughter, Laura Zimmermann, yet that such bequest was subject to the provisions of clause "Sixteenth," and that the personal property so devised under the "Fifth" clause should be used for the purpose of paying the legacies and bequests referred to in such "Sixteenth" clause after all other personal property not covered by such "Fifth" clause had been used up. The court further held that, under said "Fifth" clause, all the grain that was raised in the year 1906 which would have belonged to the deceased if he had lived, and which the evidence showed would, under the terms of leases made with various renters, have consisted of one-half of all grain grown on the land of the deceased, passed under such will as personal property, and subject, as such personal property, to be treated exactly the same as wheat on the land at the time of death, of deceased. It appeared from the testimony that the will in question was made on March 24, 1906, while the deceased was in California, and that deceased died on March 28, 1906, and further it appeared that no part of the crops for the year 1906 had then been sown. The court construed the "Fifteenth" clause as being a residuary devise.

The question raised by these appeals are whether crops of 1906 passed as personal property or passed with the land, whether clause "Fifteenth" created a residuary or a specific devise, and whether the personal property bequeathed to the daughter Laura by the "Fifth" clause of the will was so bequeathed subject to be used if needed to pay the bequests, etc., mentioned in "Sixteenth" clause. The evidence received showed that the personal property other than that described in clause "Fifth" was wholly inadequate

to pay the bequests, expenses, etc., mentioned in "Sixteenth" clause, and such evidence would render it doubtful if all the personal property including crop of 1906 would pay such bequests, expenses, etc., in full. The evidence received showed that the "Fifteenth" clause did describe all the real property not specifically devised to the daughters under clauses "Fourth" and "Sixth."

Did the crop of 1906 pass as personal property? Appellant in his brief does not discuss this question merely resting upon the assertion: "The 1906 crop had not been sown at time of testator's death. It therefore could not pass as personal property." We are unable to see any legal reason why a person cannot bequeath a crop yet to be grown the same as he could contract for sale of same or could mortgage it, and the right to so contract to sell or to mortgage is fully settled in this jurisdiction. Iverson v. Soo Elevator Co., 22 S. D. 638, 119 N. W. 1006. As hereinbefore noted, evidence was admitted on behalf of devisees named in clause "Fifteenth" to show that it was the intent of the testator to make by this clause a specific devise; it being the claim that the evidence shows that the will specifically describes all the real property not disposed of by preceding sections; and, over the objection of the daughter Laura, evidence was received to show that the personal property other than that described in clause "Fifth" was wholly inadequate to pay the money bequests, expenses, etc., referred to in clause "Sixteenth"; it being the claim of the executors that such evidence showed that it must have been the intention of the testator that such part of the grain mentioned in "Fifth" clause as was needed in order to make such payments of such bequests, expenses, etc., was to be so used. The executors claim that clause "Fifteenth" is unambiguous, and therefore no extrinsic evidence was admissible to aid in its interpretation. The daughter Laura claims that clause "Fifth" is a clear, distinct, specific bequest; that it can be limited or affected only by words in such will clearly showing intent to so limit or affect it; that there are no words in the will limiting or affecting the clear specific bequest; and that there being no ambiguity in the meaning of said clause "Fifth," and therefore no uncertainty as to

the intent of the testator as expressed by the will, no extrinsic evidence as to personal property left by deceased or of the value thereof was admissible. The provisions of our Code prescribing the rules for interpretation of wills are with one or two exceptions, immaterial herein, identical with those of California. The California statutes were fully considered in the case of Colton v. Colton, 127 U. S. 300, 8 Sup. Ct. 1164, and the court therein declared: "It will be observed, however, that these statutory provisions of the state of California are merely declaratory of pre-existing law, and are perfectly consistent, if not identical, with the rules of construction already noticed as of controlling and universal application"—chief of these rules being, "The first and great rule in the exposition of wills, to which all other rules must bend, is that the intention of the testator expressed in the will shall prevail, provided it be consistent with the rules of law"; and: "These intentions are to be collected from his words, and ought to be carried into effect if they be consistent with the law. In the construction of ambiguous expressions the situation of the parties may very properly be taken into view." Further: "No rule is better settled than that the whole will is to be taken together, and is to be so construed as to give effect, if it be possible, to the whole." Section 1037 of our Civil Code provides: "In case of uncertainty, arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations."

The question, then, for determination is whether or not there is any uncertainty or ambiguity in such will in relation to the meaning of the particular clauses referred to. If not, no extrinsic evidence should have been received. It seems to us that the will is perfectly clear and plain. As to clause "Fifteenth," we need but ask: "What would have been the rights of the devisees therein named providing it had developed that the deceased left real property not specifically described in any clause of the will?" Section 1050, Rev. Civ. Code, provides: "A devise or bequest of all the testator's real or personal property, in express terms, or

in any other terms denoting his intent to dispose of all his real or personal property, passes all the real or personal property which he was entitled to dispose of by will at the time of his death." It will be noticed in reading such "Fifteenth" clause that the testator was uncertain as to what property he had left. He did not say that the property devised by that clause was described by the description therein mentioned, but he said that the property covered by said clause, "in so far as I am able to remember at this time consists of  *  *  *  ." To our minds it shows clearly that the testator was intending by such clause to dispose of all his real estate whether he had more or less than he could then think of. Durboraw v. Durboraw, 67 Kan. 139, 72 Pac. 566. Clause "Fifth" is clearly a specific bequest, and, standing alone, would pass to the daughter the grain without any charge thereon. But clause "Sixteenth" does not state that the bequests, expenses, etc., therein mentioned shall, in case there are not funds enough to pay same, be paid from personal property not otherwise disposed of by said will, but says, if there are not funds sufficient, then "so much of my personal property as is necessary to complete the payment of said legacies and bequests,  *  *  *  shall be used and applied for such purposes." To our minds the above showed a clear intent on the part of the testator to provide for the complete payment of such bequests, expenses, etc., providing his personal estate was sufficient therefor. We do not believe any uncertainty is left in the above wording. If there was, then the evidence received was property received, and, inasmuch as the court in the light of the facts proven interpreted the will in accordance with our views as above expressed, no injury to appellant resulted from the receipt of such evidence. The trial court by its judgment ordered, in detail, the application of the property of the estate to the carrying out of the provisions of the several clauses of such will. No question is made in the briefs but what such application was correct if the interpretation put upon the disputed clause was correct.

The judgment of the trial court and order overruling a new trial are affirmed.

McCOY, J., not sitting.