Twist v. Twist.

No. 18,679.

W. S. TWIST et al., *Appellants,* v. JOHN TWIST et al.,
*Appellees.*

SYLLABUS BY THE COURT.

WILL—*Construction—Vests Absolute Fee in Wife Subject to Payment of Debts.* In a will which purported to dispose of the entire estate of the testator and which expressly gave to his wife in her own right all of his personal property there was a separate item as follows: "I . . . will and bequeath to Mina my wife all my real estate of whatever kind, lots, houses or farm property, to have and hold, sell and convey in order to pay and liquidate indebtedness, mortgages, etc., against my estate." *Held,* that this provision operated to devise to the wife an absolute fee in the real estate, subject, of course, to the payment of the debts of the testator.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed March 7, 1914. Affirmed.

*Winfield Freeman,* of Kansas City, for the appellants.
*Thomas J. White,* of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The ownership of land which belonged to R. P. Twist in his lifetime is involved in this action. It appears that he owed debts and that the real estate which he owned was greatly incumbered. The estate was settled upon the theory that the personal property owned by him had been bequeathed to the wife and that the lands should be sold to pay the mortgages and other indebtedness, and if any remained it should be the property of his wife. It is claimed that when the estate was settled and all of the indebtedness had been paid there remained a quarter section of valuable land. The appellants, who are the children of R. P. Twist by his first wife, claimed that this remaining tract was intestate property, subject to division

under the statute of descents and distributions. The widow, Mina, died before the estate was settled, but it appears that she made a will leaving all of her property, which, it is claimed, included that in controversy, to the appellees, who are her own children. They claimed that the land in controversy passed to their mother under the will of R. P. Twist and was given to them under her will. The provisions of the will determine the ownership of the land. The material part of the will follows:

"I, . . . Item 1st, will and bequeath to Mina my wife all my real estate of whatever kind, lots, houses or farm property, to have and hold, sell and convey in order to pay and liquidate indebtedness, mortgages, etc., against my estate.

"Item 2. I will and bequeath to Mina my wife, all my personal property of whatever kind, name or quality and where ever found, in Wyandotte County, Kansas, or else where, to have and hold the same in her own right and title. This includes all property I die seized of.

"Item first includes all of the real estate of which I die seized in Wyandotte County, Kansas or else where."

Does the language of item one mean that the real estate is given to the wife outright, or is it a mere direction to her to sell the land and pay the debts of the estate, leaving the residue undisposed of? The statute of wills provides:

"Every devise of real property in any will shall be construed to convey all the estate of the testator therein which he could lawfully devise, unless it shall clearly appear by the will that the testator intended to convey a less estate." (Gen. Stat. 1909, § 9831.)

Does it clearly appear that the testator intended to give his wife an estate less than the fee? He said that he willed and bequeathed all his real estate of every kind to his wife, to have and hold. This language imports an absolute gift and carries the fee title unless the following words of the will limit it to a less estate.

While the will does not in terms state that a fee-simple title is conveyed, the statute provides that the term "heirs" or other words of inheritance are not necessary to convey an estate in fee (Gen. Stat. 1909, § 1651), and it has been held that other language, such as "all my property," or "all my estate," will carry an estate of inheritance unless the intent to pass a less estate expressly appears or is necessarily implied from other parts of the will (*Donohue v. Donohue*, 54 Kan. 136, 37 Pac. 998; *McNutt v. McComb*, 61 Kan. 25, 58 Pac. 965; *Holt v. Wilson*, 82 Kan. 268, 108 Pac. 87).

The first part of item one purports, as we have seen, to dispose of all of the real estate of the testator and to give it to the wife, and the subsequent language of the item does not expressly nor clearly evidence a purpose to cut it down to a less estate. The testator simply added the advisory or precatory clause that she should sell and convey it in order to pay the debts against his estate. This provision added nothing to the force of the instrument, as under the law the real estate is charged with the payment of the debts of the testator. The clause relating to the sale of the land to pay debts is substantially the same as to have stated that the land was given subject to the payment of debts. Even if the estate was not subject to the debts of the testator, the direction to pay money would strengthen the theory of an absolute gift, as it has been held that a condition or direction imposed on a devisee to pay money operated to enlarge a devise to him, without words of limitation, to an estate in fee. (*Donohue v. Donohue*, supra.) Here the wife was given the power of sale and conveyance without limitation, and nothing was said in the will about a remainder or residue. As the estate was subject to the debts, that provision of the will respecting the payment of debts was without force, and a decision that the real estate was not given to the wife would, in effect, be a holding that the provision of the

will relating to real estate was without effect. It is not easy to infer an intention on the part of the testator to leave so large a share of his estate undisposed of, and especially since he added at the end of the will, "This includes all property I die seized of." The presumption is that he intended to dispose of his whole estate, and not that he died intestate as to his real estate, which seems to have been the larger part of his estate. (*Durboraw v. Durboraw,* 67 Kan. 139, 72 Pac. 566; *Johnson v. White,* 76 Kan. 159, 90 Pac. 810; *Singer v. Taylor,* 90 Kan. 285, 133 Pac. 841; 40 Cyc. 1409.) The item of the will disposing of the personal property expressly provides that the wife shall "have and hold the same in her own right and title," and hence appellants earnestly contend that the difference in the language employed in disposing of the real estate evidences an intention by the testator that the real estate should not pass to his wife.

In view of the presumption against intestacy and the other considerations that have been mentioned, we are of opinion that the intention of the testator was to give the real estate to his wife, subject, of course, to the payment of his debts, and that the will made was effectual for that purpose. The judgment of the trial court must, therefore, be affirmed.