Noel v. Noel.

No. 23,060.

SARAH A. NOEL et al., *Appellants,* v. MARY NOEL et al.,
*Appellees.*

SYLLABUS BY THE COURT.

1. WILL—*Instrument Constitutes a Will—Not a Deed.* A written instrument considered, and held to constitute a will and not a deed.

2. SAME—*After-acquired Property—Devise Construed.* The language of the instrument is considered in connection with section 11809, General Statutes of 1915 (section 58 of the statute of wills), and *held,* to clearly manifest an intention upon the part of the testator that after-acquired property pass in the same manner as if held or possessed at the time of the execution of the instrument.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed July 9, 1921. Affirmed.

*R. H. Seeds,* and *C. S. Crawford,* both of Abilene, for the appellants.

*G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action was for the partition of real estate which belonged in his lifetime to H. S. Noel who died in 1916. His son, H. E. Noel, died in 1918, and the plaintiffs are the widow and children of the son. The defendants are Mary Noel, widow, and the other children of H. S. Noel. All of the defendants, except Mary Noel, filed disclaimers. Mary Noel filed an answer and cross-petition alleging that H. S. Noel, on September 22, 1896, executed his last will and testament devising to her all the real estate and other property belonging to him at the time of his death; that his death occurred February 28, 1916; that the will was duly probated; that she elected to take under the will; that an administrator with the will annexed had been appointed, the estate had been finally settled, and the administrator had been discharged. She asked that her title and right of possession to the real estate be quieted as against plaintiffs. There was a judgment in her favor and against the plaintiffs for costs, from which they appeal. Two legal questions are involved: First, whether the instrument

executed by H. S. Noel is a will or deed; second, if it be construed as a will, does it pass after-acquired property?

The instrument reads:

"I, H. S. Noel, of Dickinson County and State of Kansas, declare this to be my voluntary act, Assignment, Will and Testament.

"1st. I give to my wife, Mary Noel all my property both personal and real estate consisting of all household goods, farming utensils and all chattels I have, also the real estate, the farm on which I now reside, together with all the appurtenances thereunto belonging, to have and to hold the same unto herself and her assigns forever.

"In witness Whereof, I, H. S. Noel, have to this My Assignment, Will & Testament subscribed my name this 22d day of September in the year 1896.                                              [SEAL]      H. S. NOEL.

"Subscribed by the testator in the presence of each of us, and declared by him to us to be his own voluntary act will and testament.
                                        "[SEAL]      L. E. STEIGELMAN.
                                        "[SEAL]      A. R. BRECHBILL."

It is the plaintiffs' contention that the instrument is a conveyance and not testamentary in character. It is said that the body of the instrument carries no intimation of an intention to have it take effect at the death of the maker and that if the introductory paragraph and the attestation be omitted, what remains shows an intention to pass a present, existing interest in the property, both real and personal. A better rule, however, is to consider the instrument from its four corners, not omitting any portion of it. While the document bears extrinsic evidence that it was not drawn by a person skilled in legal phraseology we have no hesitation in construing it as a will and not a deed. Crudely drawn and containing some surplus phrases, it shows an intention of the testator to leave all his property, both real and personal, to his wife. The rule is to disregard the form of a will except so far as formal words and declarations throw light upon the testator's intention. The fact that the testator speaks of the instrument as his "voluntary act, Assignment, Will & Testament" shows that he regarded it as his will. The word "deed" is not mentioned. In one part of the instrument he uses the words "to have and to hold the same unto herself and her assigns forever." While this is language appropriate to a deed, it is clear that it is nothing more than surplusage, language used to fill out the sentence. It is suggested that he omitted any provision for the payment of his debts, but it will be presumed that he knew

this was not necessary because the law made his property liable for his just debts.

Upon the second proposition the plaintiffs rely upon the provisions of section 11809 of the General Statutes of 1915, which is section 58 of the statute of wills. It reads:·

"Any estate or interest in lands or personal estate or other property acquired by the testator after the making of his will, shall pass thereby in like manner as if held or possessed at the time of making the will, if such shall clearly and manifestly appear by the will to have been the intention of the testator."

The plaintiffs contend that the reference in the will to the real estate as "the farm on which I now reside" amounts to a qualifying statement of the testator showing a clear intention to devise to his wife the particular property he possessed at the time the will was executed. But the reference to the particular real estate amounts to no more than if the testator had given the legal description of the real estate he then possessed. It is insisted that if he had intended to convey all the property he might own at the time of his death he would not have used the words "I have" in reference to his property. The whole contention of the plaintiffs leaves out of consideration the statement of the testator "I give to my wife, Mary Noel, all my property both personal and real estate." It was not necessary for him to describe what he owned then, but out of the abundance of caution, testators very often do follow a general devise with a particular description of the property then owned.

In *Durboraw v. Durboraw,* 67 Kan. 139, 72 Pac. 566, the will devised to an heir "all my real and personal property of every description and wherever situate. The real property above referred to is more particularly described as follows," followed by ·a definite description. The same contention was urged in that case but the construction given to the statute was that it does not require the will to show that the testator had in contemplation the future acquisition of real estate which he intended to pass thereby. (Citing *Winchester v. Forster,* 3 Cush. 366.) The Durboraw case followed and cites a number of authorities construing similar statutes and holds that the words "clearly and manifestly" are themselves indefinite, and that a testator makes his will understanding

that it speaks from his death, and that so long as he lives there is no restriction upon his right to buy or sell; that the language used by him in the will must necessarily be construed with reference to this understanding. It is the policy of the courts to construe a will so as to prevent intestacy. (See authorities cited in the Durboraw opinion, *supra*.) Tested by these rules it is clear, in our opinion, that the manifest intention of the testator was that all the real estate he might own at the time of his death should pass to his widow.

The judgment is affirmed.