BERTHA MILES CARLE, *Appellant,* v. EDWIN T. MILES, as an Individual and as Executor, etc., *Appellee.*

No. 18,136.

SYLLABUS BY THE COURT.

1. MUTUAL WILLS—*Reciprocal Gifts—Not Opposed to Public Policy.* The separate wills of two persons which are reciprocal in their provisions giving the property of each to the other are mutual wills.

2. —— *Same.* Mutual wills made in pursuance of an agreement in consideration of reciprocal gifts or devises are not opposed to public policy nor contrary to the statutes of this state.

Appeal from Osage district court. Opinion filed May 10, 1913. Affirmed.

*A. M. Harvey,* and *J. E. Addington,* both of Topeka, for the appellant.

*T. M. Lillard,* of Topeka, *J. H. Stavely,* and *A. K. Stavely,* both of Lyndon, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The question presented upon this appeal is whether the will of Zada N. Miles, deceased, is invalid for the reasons hereinafter stated. By agreement between the testatrix and her brother mutual wills were executed by them. The testatrix by her will gave all her property to her brother, the defendant, and he at the same time executed his will by which he gave all of his property to his sister. The disposition of property in each will was made in consideration of a reciprocal provision in the other.

The plaintiff is an heir at law of the testatrix and contends that mutual or reciprocal wills made in pursuance of a contract wherein each will is the consideration for the other are invalid. This contention is based upon the argument that such dispositions of property are irrevocable, and that such instruments are not recognized as wills; that it is against public policy and the policy of our statutes that wills should be irrevocable.

"Mutual wills are those in which two or more testators *mutually devise their property wholly or in part to one another.*" (1 Underhill on The Law of Wills, § 11.)

Separate wills of two persons which are reciprocal in their provisions are mutual. The wills under consideration here are of this class, but a joint will which makes reciprocal gifts or devises is also mutual. (Page on Wills, § 66.)

It was at one time held that mutual wills made upon reciprocal considerations were unknown to testamentary law, but the validity of such wills is now generally admitted. (Schouler, Wills and Administration, §§ 451-456; *Frazier v. Patterson,* 243 Ill. 80, 90 N. E. 216, 27 L. R. A., n. s., 508, and note, 17 A. & E. Ann. Cas. 1003, and note.)

"When these mutual or conjoint wills first came up in

practice, the courts pronounced against them, as unknown to testamentary law. But the later and better opinion, in both England and the United States, treats the conjoint or mutual will as capable of probate, provided it has been executed with all the statute formalities requisite for other wills, and has not been revoked by some later instrument." (Schouler, Wills and Administration, § 456.)

The same rule is declared in 40 Cyc. 2112, where decisions are cited.

*Day, Ex parte,* 1 Bradf. 476, is a well considered case before the surrogate of the city and county of New York in the year 1851, in which principles are discussed and authorities are reviewed concerning the validity of mutual wills. The court said:

"Because the will happens to be made in conformity to some agreement, or contains on its face matter of agreement, or shows mutuality of testamentary intention between two persons, and a compact or intention not to revoke, in my judgment it is none the less a will; . . . The compact is not unlawful, it is not contrary to good manners, it will be sustained in a court of equity, on the ground that the will is valid at law, and by the death of the first dier, has become irrevocable; unless there is some matter of form, some technical arbitrary rule springing out of the statute, or the necessary form and construction of a will, it is difficult to see why a conjoint will should not be admitted to probate on the death of either of the parties, as his *separate* will." (p. 484.)

In *Matter of Probate of Will of Frederick Diez,* 50 N. Y. 88, it was held that "A mutual will executed by husband and wife, devising reciprocally to each other, is valid. Such an instrument operates as the separate will of whichsoever dies first." (Syl.) *Day, Ex parte,* supra, is cited (pp. 92, 94) as authority in that case. The Day case is also freely cited in textbooks and decisions in other jurisdictions.

"A mutual will, strictly called a reciprocal will, is one by which each testator makes a testamentary disposition in favor of the other. That such a will is

valid and entitled to probate is beyond question." (Note, 2 A. & E. Ann. Cas. 26.)

An extended discussion of mutual, joint, alternative, and joint and mutual wills, appears in a note in 136 Am. St. Rep. 592, where it is said:

"There is no reason in law, nor any public policy, which stands in the way of parties agreeing between themselves to execute mutual and reciprocal wills, which, though remaining revocable upon notice being given by either of an intention to revoke, become, upon the death of one, fixed obligations, of which equity will assume the enforcement, if attempted to be impaired by subsequent testamentary provisions on the part of the survivor." (p. 596.)

Other notes upon the same subject will be found in 68 Am. Dec. 407; 38 L. R. A. 289; 2 A. & E. Ann. Cas. 26; and in 1 Jarman on Wills, 5th ed., p. 31; and 6th ed., p. 29. From these and many adjudicated cases it clearly appears that mutual or reciprocal wills are now generally sustained.

The plaintiff relies upon *Walker v. Walker,* 14 Ohio St. 157, which appears to have held such wills invalid, contrary to the present generally accepted rule. The scope of that case, however, is limited in *Betts v. Harper,* 39 Ohio St. 639, and it is referred to and criticised in authorities to which we have already referred. Whatever may be the rule now in Ohio nothing is found in our statutes or public policy to induce a departure from that established by the decisions elsewhere and the manifest weight of authority. Mutual wills made in pursuance of an agreement in consideration of reciprocal gifts or devises are not opposed to public policy nor contrary to the statutes of this state.

It is concluded that the will of Zada N. Miles is not invalid for any reason urged against it. No other question is presented or decided.

The judgment is affirmed.