No. 20,950.

CHARLES A. BROWN, as Executor, etc., et al., *Appellees*, v. ELIZABETH M. BROWN, *Appellant*.

SYLLABUS BY THE COURT.

1. WILL—*Rule for Interpretation—Intention of Testator.* A rule for the interpretation of wills, to which all other rules are subordinate, is that the intention of the testator, as gathered from all parts of the will, is to be given effect and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator.

2. WILL—*Certain Provisions of a Joint Will Construed.* A provision in a joint will that, "upon the death of either of us, the estate of the other, real, personal and mixed, shall vest in the survivor during the life of such survivor" etc., when read in connection with other parts of the will indicates that the intention meant to be expressed by the testators was that the estate of the deceased should vest in the survivor.

3. WILL—*Construction—Property Bequeathed to Testators' Children and to Bodily Heirs of Testators' Deceased Children.* A father and mother, each owning property, made a joint will, in effect providing that their respective estates should be kept together as an entirety, and upon the death of either the survivor should take the entire estate with full power to invest it or to dispose of it to parties other than the beneficiaries, and that upon the death of the survivor the property should vest in trustees, who were authorized to invest, change or convert the property of the estate and to manage and control it for

a period of fifteen years, after which time it was to be distributed equally among living children and the heirs of the body of deceased children. Such bodily heirs of deceased children were to receive the share the parent would have received if living, and during the trust the trustees were to distribute the net income of the estate in the same proportions. It was specifically provided that if any of the children of the testators should die leaving a consort, such surviving consort should receive five hundred dollars and no other part of the estate. The father died first and before the death of the mother a son died leaving a wife but no children, and in a proceeding to settle the estate wherein the wife of the deceased son claimed a share, it is held that such wife was entitld to five hundred dollars in the estate, but that her husband acquired no vested interest in the estate in his lifetime and no part of it descended to her through her husband.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed July 7, 1917. Affirmed.

*Charles J. Conlon,* of Atchison, and *Joseph S. Rust,* of Kansas City, Mo., for the appellant.

*B. P. Waggener, J. M. Challiss, George DeLacy,* and *Walter E. Brown,* all of Atchison, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Charles A. Brown and Alice L. Byram as executors of the estate of Sarah Brown, deceased, made final settlement in the probate court, where an order was made adjudging who were the heirs, devisees and legatees of the deceased. Elizabeth M. Brown, the widow of William F. Brown, a son of the deceased, took an appeal to the district court, where she filed an intervening petition claiming an interest in the estate through her deceased husband. Upon the motion of the executors this petition was stricken from the files and the cause was tried upon the record of the probate court proceedings and upon agreed facts, with judgment resulting in favor of the executors. Elizabeth M. Brown appeals to this court.

In 1906 John P. Brown and his wife, Sarah, executed a joint will in which it was stated that they desired that the estates of both should be kept together as a whole until final distribution as therein provided. In its first paragraph it was provided that "upon the death of either of us, the estate of the other" should vest in the survivor for life with the right to

use the income and to invest, convert or change the estate, and to dispose of any part of it to persons other than the beneficiaries of the will. The second paragraph provided that the survivor should be the executor of the one first dying. In the third paragraph it was provided that "upon the death of the surviving testator, the entire estate of both of us, as then existing, real, personal or mixed, shall vest in the trustees hereinafter provided for, who are hereby nominated and appointed as the executors of this will as the will of the surviving testator"; that the trustees should invest, convert and change the form of the estate and hold, manage and control the same for fifteen years from the death of the surviving testator, distributing the net income of the estate quarterly to the living children of the testators, *pro rata,* the heirs of the body of any deceased child to receive the share that would have gone to the parent; and that at the end of the fifteen-year period the estate was to be distributed in the same proportions. The fourth paragraph provided that any deceased child leaving a consort living when the will should take effect should receive five hundred dollars, and that no married consort should receive any part of the estate except as provided in that paragraph. In the ninth paragraph it was provided that the will should be irrevocable except by their joint consent, and that until and unless the will should be so revoked the property should vest in the beneficiaries according to the terms of the will.

When the will was executed the testator and testatrix had six children living and also the child of a deceased son. These children were living when the testator, John P. Brown, died on August 23, 1909. Thereafter and prior to the death of the testatrix two children died, one of whom was survived by her husband and two children. The other, William F. Brown, was survived only by his wife, Elizabeth M. Brown, the defendant herein. The trial court adjudged that the defendant was not entitled to any interest in the estate except the five hundred dollars mentioned in the fourth paragraph of the will.

The defendant is not claiming as a legatee nor as an heir of the testators, but she insists that her husband, William F. Brown, took a descendible interest in the estate, and she is claiming an interest as the heir of her deceased husband. The

action is not one to construe a will but to make final settlement and distribution of an estate in accordance with the terms of an uncontested will. To make final distribution of the estate it was necessary to look into the will far enough to find whether the defendant was entitled to anything under its provisions. There is little room for a controversy as to the intention of the testators in the disposition of their property, and with one exception the terms of the will may be said to be practically free from doubt. The manifest purpose of the testators was to keep the property of both of them together as a single estate until fifteen years after the death of the survivor and then to distribute it among the living children and the bodily heirs of deceased children in equal parts, the heirs of the body of any deceased child to take the share the parent would have received if he had been living. There was a provision, too, that if a child died leaving a husband or wife such spouse was not to take any part of the estate as an heir, but was to receive the specific bequest of five hundred dollars. The plan upon which the property was to be passed to the beneficiaries was that upon the death of a testator the entire property should vest in the survivor with full power of disposition, and that when the survivor died it should vest in the trustees for fifteen years, and during that time the income of the property should be divided among the living children and the heirs of the body of any deceased children in the proportions named. It is very manifest that the testators intended that their property should go to blood relatives only, and that neither the defendant nor any spouse of a deceased child should receive any share in the estate except the sum of five hundred dollars. Their declared purpose was that the property should go to the living children or the bodily heirs of deceased children, and the defendant not being in either class has no interest in the estate except in the specific gift of money. Her husband, William F. Brown, would have been entitled to share in the estate if he had been living when the time of distribution came, but, having died before that time without issue, the entire estate goes to the surviving heirs named in the will. No controversy appears to have arisen among the living children of the testator or the heirs of deceased children; but if there had, it would have been a matter of no consequence to the defendant, who can not, under

any circumstances, take more than the bequest of five hundred dollars.

Defendant contends that when the testator, John P. Brown, died, her husband, William F. Brown, as well as the other children acquired an interest in his property and the interest so acquired by him descended to her. This claim is largely based upon the expression in the first paragraph of the will heretofore referred to as the only term about which there can be any doubt or dispute. It provided that "upon the death of either of us, the estate of the other, real, personal and mixed, shall vest in the survivor" etc. The contention is that this does not mean the estate of the *deceased* shall vest in the survivor, but refers only to the estate of the *survivor* and gave her full control of her own estate while the estate of the deceased testator passed at once to his heirs. The quoted sentence, considered apart from other provisions of the will, might be open to some question, but when the whole will is considered together the subject is free from any reasonable doubt. The testators were not making the absurd provision that the estate of each should continue to vest in himself or herself while they were living. A provision of a will was not necessary to give a survivor an estate which he already had. It is obvious that in the use of the loose expression it was the purpose of the testators to provide for the devolution and vesting of the estate of the deceased and not that of the survivor. The estate of the "other" mentioned was evidently the one other than the survivor. This is apparent from other provisions of the will to the effect that the property of both should be kept together until final distribution, and should then pass together. For instance, in the third paragraph it is provided that, "upon the death of the surviving testator, the entire estate of both of us, as then existing, real, personal or mixed, shall vest in the trustees," etc. A canon of construction to which all other rules are subordinate is that the intention of the testator as gathered from all parts of the will is to be given effect and that a doubtful or inaccurate expression can not be permitted to defeat the obvious intent of the testator. (*Ernst v. Foster*, 58 Kan. 438, 49 Pac. 527; *Blair v. Blair*, 82 Kan. 464, 108 Pac. 827.) After the death of John P. Brown the entire estate remained intact, vested in Sarah Brown who had full power

of disposition, and when she died the estate vested in the trustees until the expiration of the trust period. During that period the income of the property was to be divided among two classes; namely, living children and the bodily heirs of deceased children. The beneficiaries acquired no other interest in the property until fifteen years after the surviving testator died, when the estate passed to children then living and the heirs of the body of deceased children. It was competent for the testators to provide that a vested estate should not pass to the children until a stated time and the rule is that where a gift is made to members of a class to be ascertained at a future time those only take who are in existence at that time. The property of the estate kept as an entirety was ultimately to go to two classes in proportionate shares to be ascertained at the end of the trust, and was not devised to individuals. How much the living children were to receive could not be known until that time. If one of the children died without issue the shares of the living children would be proportionately larger and likewise the shares which the bodily heirs of a deceased child would receive would be increased and, of course, if their children who died left issue the shares taken by each would be the same as if all the children of the testator had lived until the time of distribution. When the time came for the passing and vesting of the estate in the beneficiaries the question then was: How many are there in the class of living children? That is to be ascertained as of the time of distribution. (*Brewick v. Anderson,* 267 Ill. 169; *Baker v. Hibbs,* 167 Iowa, 174; *Dexter v. Attorney General,* 224 Mass. 215.) No part of the estate can be set aside by reason of the life of William F. Brown as he died before the time of distribution and the death of his mother and he left no heirs of his body. As no part of the estate was vested in him none of it descended to his wife, and nothing in the will is clearer than the purpose that the spouse of a deceased child should receive five hundred dollars out of the estate and no more.

The judgment of the district court is affirmed.