No. 21,919.

E. D. SCOTT, as Trustee of the BANKRUPT ESTATE OF OLIVER R.
GILLESPIE, *Appellee,* v. OLIVER R. GILLESPIE et al. (OLIVER
R. GILLESPIE and MARTHA MORGAN, *Appellants*).

### SYLLABUS BY THE COURT.

1. JURISDICTION—*Action by Trustee in Bankruptcy to Construe a Will.*
The trial court had jurisdiction to entertain this suit by a trustee in
bankruptcy to construe a will under which the bankrupt was claimed
to be a devisee.

2. WILLS—*Construed to Devise Life Estate with Power of Disposal—Remainder to Children.* Under the following clause of the will, it is held
that the testator intended to devise to the wife a life estate with power
of disposal, remainder to the children:

"*Second.* All the residue and remainder of my estate, both real and·
personal, I hereby give, bequeath and devise unto my faithful and beloved wife, Rebecca J. Gillespie, to have, enjoy, sell or dispose of in any
manner she may see fit, or in her judgment may conduce to interest or
value of said estate, or any portion of it; And upon her death, that all
real and personal property she may die seized of shall then be distributed among my children, share and share alike, or if any of my
said children shall then be dead, and leave children, then such grandchildren together shall receive the one share their deceased parent
would have been entitled to if living."

3. SAME—*Rules for Construction of Will.* The old rule, that the devise
of a fee may not be impaired by a subsequent contradictory provision,
is qualified by the modern rule, that the intention as gathered from all
parts of the will must control.

Appeal from Morris district court; ROSWELL L. KING, judge.
Opinion filed November 9, 1918.   Affirmed.

*Edwin Anderson,* of Council Grove, and *Frans E. Lindquist,*
of Kansas City, Mo., for the appellants.

*M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for
the appellee.

The opinion of the court was delivered by

WEST, J.: The trustee in bankruptcy of the estate of Oliver.
R. Gillespie brought this suit to have construed the will of
Oliver's father, alleging that the bankrupt was owner of a
tenth interest in the land covered by the will, which interest
should be counted a part of his estate on account of his

mother's having taken a life estate with power to sell, instead of a fee simple title as claimed by the defendants; and that he had been ordered by the referee in bankruptcy to bring this suit in order to determine the proper interpretation of the instrument.

The defendants filed a plea to the jurisdiction, which was overruled, and then a general demurrer to the petition, which was also overruled. They then answered, admitting that Jacob Rankin Gillespie made his will on the 31st day of May, 1900, and that Rebecca J. Gillespie departed this life November 5, 1917, and alleging that, by the will of the father, the mother took the absolute estate in the land described in the will, and that Oliver at no time prior to his mother's death had any interest in the land, but at that time inherited the tenth interest therein from his mother. The court found in favor of the plaintiff, and that his father devised to the mother a life estate with power to sell, and she having departed this life without disposing of any of the property, Oliver became the owner of an undivided one-tenth interest therein.

The defendants appeal.

The clause requiring construction is in the following words:

"*Second.* All the residue and remainder of my estate, both real and personal, I hereby give, bequeath and devise unto my faithful and beloved wife, Rebecca J. Gillespie, to have, enjoy, sell or dispose of in any manner she may see fit, or in her judgment may conduce to interest or value of said estate, or any portion of it; and upon her death, that all real and personal property she may die seized of shall then be distributed among my children, share and share alike, or if any of my said children shall then be dead, and leave children, then such grandchildren together shall receive the one share their deceased parent would have been entitled to if living."

It is contended that the estate of Oliver R. Gillespie having come under the exclusive control of the bankruptcy court, the state court had no jurisdiction to maintain this suit. But section 23 of the bankruptcy act, as amended, provides (with certain exceptions not material here) that suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought them if proceedings in bankruptcy had not been instituted.

"State courts have jurisdiction in suits between a trustee in bankruptcy and third parties asserting rights in property claimed by the

trustee as belonging to the estate of the bankrupt." (Collier on Bankruptcy, 11th ed., 554.)

"Especially in view of the provisions of the bankruptcy act, as amended, giving 'concurrent jurisdiction' to the state and federal courts of actions of the kind mentioned, it is now held that any state court of competent jurisdiction may enforce actionable rights arising under the bankruptcy law. Such a court in passing upon the claims of a trustee in bankruptcy, is not proceeding under the bankruptcy law, but simply recognizes that statute as the source of the trustee's title, in the same manner as it would if he derived his title from a deed or contract." (Black on Bankruptcy, 935.)

"The state courts are open to a trustee in bankruptcy seeking to enforce or to protect the interests pertaining to his trust." (7 .C. J. 257.)

The trial court has jurisdiction ordinarily to construe a will, and here, the referee having directed the trustee to bring such a suit, no conflict of jurisdiction could arise by determining whether the bankrupt estate included an interest in this land.

The will in question is one which could be construed as giving a fee simple or a mere life estate, and is one on which legal minds might well differ, each supported by abundant authorities. To give, bequeath, and devise to the wife "to have, enjoy, sell or dispose of in any manner she may see fit or in her judgment may conduce to interest or value of said estate or any portion of it," would of itself be deemed to pass the absolute title; but when, as a part of the same sentence, the provision is made that upon the devisee's death all real and personal property she may die seized of shall then be distributed as directed, such provision is entitled to attention and consideration. If the testator intended to make no requirements or restrictions as to the estate, except to pass a fee simple to his wife, it would seem idle to have used the language employed in this instrument. In *Postlethwaite v. Edson,* 98 Kan. 444, 155 Pac. 802, the joint will of the husband and wife gave all the estate of which the one dying first should be seized, to the other to be owned and disposed of as the survivor might desire, and upon the death of such survivor all the estate not disposed of was devised and bequeathed to their children in equal parts. It was held that this vested in the survivor a life estate with the added power of disposal, remainder to the children. In the opinion many authorities were reviewed.

The rule that when a will once gives a fee simple title a subsequent contraditory provision must fail, is not applied in these

days, when from the words used, such rule would go counter to the intention of the testator. A single clause in a separate item was held inadequate to subvert the manifest intention of the testator in *Bryant v. Flanner*, 99 Kan. 472, 162 Pac. 280. The modern rule applicable here was succinctly stated by the chief justice in *Brown v. Brown*, 101 Kan. 335, 166 Pac. 499, to be "that the intention of the testator, as gathered from all parts of the will, is to be given effect, and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator." (syl. ¶ 1.)

The trial court followed this rule, and the decree is affirmed.