No. 21,922.

THE TOPEKA ORPHANS' HOME ASSOCIATION, *Appellee*, v. ROSE MILLS WILLIAMS and BYRON T. MILLS, *Appellants*.

### SYLLABUS BY THE COURT.

WILL — *Interpretation* — *Life Estate to Devisee* — *Remainder in Fee to this Plaintiff.* In a will drawn by the testatrix, eleven items provided in certain contingencies that the bequest or devise should revert to the estate. One gave to an uncle, during his life, the rents from a certain store building—"at his death same to revert back to estate." In a subsequent clause, she gave "all that remains of my estate" to plaintiff, the real estate to be sold as should seem advisable, retaining the store building until the last. *Held,* that the former gave a life estate only in the building, and the latter the fee, and that the intention thus apparent from all the language of the will should be followed.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 8, 1919. Affirmed.

*W. R. Hazen,* of Topeka, for the appellants.

*W. F. Schoch,* and *J. K. Rankin,* both of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: This case presents the one question as to the proper interpretation of a clause in the will of Kathryn E. Mills. This will contains about thirty bequests and devises and was drawn by the testatrix. In eleven of these, provision was made that in case of the death of the beneficiary the devise or bequest should revert to the estate. In one paragraph was the following:

"To my uncle Benson S. Bennett, Baldwin, Kansas, three thousand dollars, said amount, I desire to be used in purchasing a home and to belong to last member of family living at home, unmarried, after death of parents. Also I desire during the lifetime of my uncle that he may receive the rent from store building, 429 Kansas ave., Topeka, Kansas, after all necessary expenses are paid—at his death same to revert back to estate."

A subsequent provision is in the following language:

"To Orphans' Home Ass'n, Topeka, Kansas, I give and bequeath all that remains of my estate, real estate to be sold as seems advisable, retaining 429 Kansas ave., until last, and when all claims are paid, amount to be turned over to the board of directors, Methodist minister, and J.

Groll to be two members of this board and consulted as to best way of using this bequeath, for advantage of said home. I desire two rooms set aside for older grown up orphans needing aid."

The defendants claim that the provision of the will first quoted passed the title of the real estate in question to the estate of the decedent, subject to a life estate in the uncle, and that the subsequent provision was thereby rendered nugatory.

The old rule is invoked that the first taker in a will is preferred, and that a clause in a will cannot be cut down by a subsequent uncertain or ambiguous clause.

The case was submitted on agreed facts and documentary evidence. The learned counsel for the defendants urges that when the testatrix used the words "revert back to estate" their legal effect was to vest the fee in her heirs, and he asks:

"Can a testator will part of his estate to one or more persons, a definitely described property to his estate, and the remainder to a residuary legatee or devisee? If so, what becomes of the specific property devised to his estate?"

Attention is called to the statute (Gen. Stat. 1915, § 11808) providing that lands devised to one for life, and after his death to his heirs in fee, shall be construed to vest a life estate in the former and a remainder in fee in the latter. Counsel also contends that a devise will not be cut down by a subsequent uncertain or ambiguous clause, and it is argued that a residuary clause can never cut down a previous clause which leaves no residue, and that "all that remains" cannot include what the testatrix had already given to her estate, which means her heirs.

Whatever the force of this logic may be, it must be borne in mind that in the prior clause she was giving a life estate only to the uncle, and the clause about a reverter did not add to, nor detract from, what she was giving, or what she was retaining. All her estate not given remained hers, and no mention of a reverter was necessary. But admitting for the moment that she intended that the fee should go to her heirs, still, before completing the will, she plainly expressed her wish and intention that after the uncle should pass away, and his use for this property cease, the fee should go to the plaintiff with all the rest of her remaining estate. There is no uncertainty or ambiguity about this clause. At most, it is merely in conflict with the former. What then? Must it be utterly ignored

and the former fully recognized? Or, must the intent to be derived from all the provisions in the will be followed?. In *Postlethwaite v. Edson*, 98 Kan. 444, 155 Pac. 802, the joint devise was to the survivor, and upon his or her death all the estate not disposed of was devised or bequeathed to their children. Here was a direct devise to the survivor of all the estate of the one dying first, which meant of course a fee-simple title thereto, but, following this in the same clause was the further and different devise that all of such estate not disposed of by the survivor should vest in the children of the joint devisors. Instead of holding the latter clause void because in conflict with the former, it was held that the language used vested in the survivor a life estate with the power of disposal, remainder to the children. It was said that when a clause manifests a clear intention to devise a fee, this shall not be destroyed by a subsequent disconnected item attempting to reduce such fee to a less estate, unless the entire will indicates that such was the real and fixed intention of the testator. (p. 449.) This decision was adhered to in the same case when here later. (*Postlethwaite v. Edson*, 102 Kan. 104, Id. 102 Kan. 619, 171 Pac. 769.) A similar provision was likewise considered in *Scott v. Gillespie*, 103 Kan. 745, 176 Pac. 132, following the Edson decision. See, also, *Bryant v. Flanner*, 99 Kan. 472, 162 Pac. 280, where it was said:

"Certain rules, as that a gift or devise in a will can not be cut down by a subsequent provision, have less authority and are applied with greater discrimination than formerly. Other rules, as that the whole will should be considered and effect given to every part if consistent with a general purpose apparent from the entire instrument, are more depended on." (p. 476.)

It was said in *Brown v. Brown*, 101 Kan. 335, (syl. ¶ 1), 166 Pac. 499, that "the rule to which all others are subordinate, is that the intention as gathered from all parts of the will is to be given effect."

Of course, the first clause taken by itself would simply give the uncle a life estate, but, under the rule suggested, we have no right to overlook or ignore the subsequent clause which plainly provides that the Kansas avenue property shall be retained until all the other real estate necessary for the payment of debts has been sold, and that unless necessarily sold, it shall go to the Orphans' Home Association. There is no conflict be-

tween the two provisions in the will; the one gives a life estate, and the other a fee, if the devise is not necessarily sold to pay debts. There is no difficulty in ascertaining from the language used by the testatrix what her desire and intentions were, and as it was the disposal of her own property, her wish thus plainly indicated must be followed.

The judgment is affirmed.

---

### OPINION DENYING A REHEARING.
#### (Filed April 12, 1919.)

The opinion of the court was delivered by

WEST, J.: In a petition for rehearing, counsel for the defendants, with a force of logic unusual even for him, contends that the trial court held the devise of the life estate by an early clause in the will modified by a subsequent clause, which was directory only, and insists that in the former opinion this precise point was not expressly mentioned or decided. He says:

"If these directory words were not in the will, would this court's decision be the same, and, if so, from what words of the will could the court find any intention to will the fee to appellee that would overcome or strike down the intention to will the fee to the estate, expressed in the clause, 'at his (Bennett's) death, to revert back to estate'"

and that by this opinion the first takers are deprived of the property they otherwise would secure, by cutting down a clause in the will, and by finding in its directory or advisory part an intention that is held to overcome the plain intention expressed by the prior clause.

This sounds unanswerable. Let us see, therefore, whether the premises of counsel will bear inspection for soundness and conformity with the plumb-line of accuracy. He asserts that the trial court found the subsequent clause to be merely directory. The residuary clause reads:

"To Orphans' Home Ass'n., Topeka, Kansas, I give and bequeath all that remains of my estate, real estate to be sold as seems advisable, retaining 429 Kansas Ave., until last, and when all claims are paid, amount to be turned over to Board of Directors, Methodist Minister and J. Groll to be two members of this board and consulted as to the best way of using this bequeath, for advantage of said home. I desire two rooms set aside for older grown up orphans needing aid."

Concerning this clause, this is what the trial court said:

"That said testatrix did not intend that the above described real estate should be sold, but that the title in fee simple should be in The Topeka Orphans' Home Association, Topeka, Kansas, subject to life estate of Benson S. Bennett to the rent of said property; that the provision in said will to sell said above described real estate is directory only, and that the provision asking that the Methodist Minister and J. Groll be named as members of the Board, . . . is directory only."

So it appears that the trial court did not find that the residuary clause was merely directory, but that it was of equal disposing power with the prior clause, only remarking and holding that the provision touching the sale of the building in case it should be necessary to pay the claims, and the provision about the membership of the board, were directory only.

The trial court held, and we affirmed the holding, that the prior and subsequent clauses touching the life and fee estate of this property (that is, the words themselves) showed that the testatrix intended the life estate to go to the uncle, the remainder in fee to the plaintiff.

The former opinion is therefore adhered to, and the petition for rehearing is denied.