No. 24,867.

Lucy Ann Mansfield, *Appellee,* v. Isaac Alonzo Crane et al., *Appellants,* (Dr. L. P. Ravenscroft, Intervener, *Appellee*).

SYLLABUS BY THE COURT.

1. Will—*Construction of Will—Petition States Cause of Action.* In an action to construe a will and quiet title, the petition examined and held to state facts sufficient to constitute a cause of action.

2. Same—*Evidence Not Produced on Motion for New Trial—Not Reviewable on Appeal.* One wishing to avail himself on appeal of a ruling excluding offered evidence must produce such evidence on a motion for a new trial.

3. Same—*Will Gives Wife Life Estate With Power of Disposal.* Provisions of the will under consideration are held to show that the intention of the testator was to give his wife a life estate in the real estate with power of disposal as she might think proper.

Mansfield v. Crane.

4. SAME—*Refusal to Quiet Plaintiff's Title Not Error.* Under the facts stated in the opinion it was not error for the court to refuse to quiet plaintiff's title.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed May 10, 1924. Affirmed.

*S. C. Bloss,* and *Charles W. Roberts,* both of Winfield, for the appellants.

*J. E. Torrance,* and *O. W. Torrance,* both of Winfield, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to construe the will of William Alonzo Mansfield and to quiet title. Plaintiff's construction of the will in the main was adopted, but judgment quieting title was denied. Both parties appeal.

Pertinent parts of the will which give rise to the controversy read:

"Item First: It is my desire and I hereby direct that all my debts, expenses of last sickness and death and funeral expenses be paid by my executrix after my death as soon as is expedient.

"Item Second: I give and bequeath unto my wife Lucy Ann Mansfield all of my real estate and personal property of which I may be the owner at the time of my death to be by her taken and held for her own use and disposal as she may deem right and proper charging her only with my debts and expenses as specified in the first item of this will.

"Item Third: It is my desire and I hereby direct that at the death of my said wife, Lucy Ann Mansfield, that all of my real estate and such of my personal property as may remain after her death shall be divided equally between my brother-in-law Alonzo Crane and my half-sister Ella Louisa Mack, or the heirs of their body."

The defendants contend that the petition did not state facts showing an actual controversy, nor sufficient facts to invoke the jurisdiction of the court; that there were no sufficient allegations in the petition that the defendants were making claims to the real estate in question adverse to the rights of the plaintiff or that the defendants, at the time of the filing of the petition, or thereafter, intended to claim possession of rents and profits or that defendants had placed any documents of record that would cloud the title of the plaintiff, etc. Without setting out in detail the allegations of the petition, it is sufficient to say that the averments of the petition setting up a copy of the will as an exhibit, asserting that the defendants, by reason of the will, claimed some contingent or vested interest in the real estate which they threatened to assert, and by reason of which they cast a cloud upon plaintiff's title, taken together with the other general allegations touching a construction of the will, were

sufficient as against a general demurrer. (*The State, ex rel., v. Grove,* 109 Kan. 619, 622, 201 Pac. 82.) The defendants cured any defect that might have been urged to the sufficiency of the petition by filing an answer which raised an actual controversy between the parties. The defendants claimed to hold a fee simple title to the real estate in controversy subject only to a life estate of the plaintiff.

The defendants' contend that the court erred in excluding oral testimony to show the financial condition of the testator prior to the time of his death. The record, however, discloses no offer of evidence on the hearing of the motion for a new trial as the code requires, hence the rulings excluding it are not open to review. (R. S. 60-3004 and cases cited.)

The defendants contend that, under the provisions of the will, the testator gave the plaintiff the real estate for her use and benefit during her lifetime; that the word "disposal," in the second item, should be construed as synonymous with the word "distribution"; that it was the intention of the testator that the real estate should not be sold by the executrix Lucy Ann Mansfield but that, at her death, it, together with such of the personal property as remained, should all be distributed to the devisees named (defendants).

Giving consideration and effect to the language of the entire will, we think the testator intended that his wife should have a life-estate, with power of disposal, charged only with the debts and expenses specified in item first, and that the residue, if any, at her death should go to the defendants.

In *Markham v. Waterman,* 105 Kan. 93, 95, it was said:

"The old rule that a seemingly unqualified devise in an independent and prior clause of a will cannot be diminished by separate, subsequent clauses of the will (*McNutt v. McComb,* 61 Kan. 25, 58 Pac. 965; 4 Kent Comm. 270), has been largely superseded by the modern Kansas rule, that the testator's intention is to be gleaned 'from the four corners of the instrument'—from the entire text of the document. Some of our earlier cases foreshadow the coming of this doctrine (*Williams v. McKinney,* 34 Kan. 514, 519, 9 Pac. 265; *Ernst v. Foster,* 58 Kan. 438, 47 Pac. 527), and this court was fully committed to it in *Bullock v. Wiltberger,* 92 Kan. 900, 142 Pac. 950, and has followed it consistently in all the later cases. (*Morse v. Henlon,* 97 Kan. 399, 155 Pac. 800; *Postlethwaite v. Edson,* 98 Kan. 444, 155 Pac. 802; *Id.,* 102 Kan. 104, 619, 171 Pac. 769; *Bryant v. Flanner,* 99 Kan. 472, 162 Pac. 280; *Brown v. Brown,* 101 Kan. 335, 166 Pac. 499; *Scott v. Gillespie,* 103 Kan. 745, 176 Pac. 132; *Otis v. Otis,* 104 Kan. 88, 177 Pac. 520." (See, also, *Pearson v. Orcutt,* 106 Kan. 610, 189 Pac. 160; *Utilities Co. v. Bowersock,* 109 Kan. 718, 729, 202 Pac. 92.)

The lower court properly refused to quiet plaintiff's title. Under

the terms of the will she has an absolute right of disposal of the property. She has full power to lease it. She may convey it and give good title, but she may not dispose of it by will. Whatever remains of the real and personal property at her demise shall, according to the terms of the will, go to Alonzo Crane and Ella Louisa Mack or the heirs of their body.

The judgment is affirmed.