No. 35,058

CHARLES A. ZABEL et al., *Appellants*, v. GLENN A. STEWART et al., *Appellees* (In the Matter of the Estates of Matilda A. Mitchell and Henry M. Mitchell, Deceased).

(109 P. 2d 177)

Opinion filed January 25 1941

*J. E. Addington* and *Howard A. Jones,* both of Topeka, for the appellants.

*E. R. Sloan, Glenn Hamilton, F. A. Sloan,* all of Topeka, and *D. C. Hill,* of Wamego, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal involves the validity of two wills and arises out of the following:

Under date of November 1, 1926, Henry M. Mitchell and Matilda A. Mitchell, residents of Pottawatomie county, executed their joint will, which read as follows:

"Last will and testament of Henry M. Mitchell and Matilda A. Mitchell:

"We, Henry M. Mitchell, aged fifty-nine years, and Matilda A. Mitchell, aged fifty-seven years, husband and wife, and both and each being of sound mind and memory, and both and each residents of the said county of Pottawatomie and state of Kansas, do hereby make our joint will, that is to say:

"First: That at the death of one of us who shall die first, all the property both real and personal shall descend to the survivor, who shall have the right to dispose of all of said property, in such manner, either by deed or will or gift, as said survivor may elect and desire.

"Second: To the Methodist Episcopal church at Wamego, Kansas, we hereby will, bequeath and devise all that part or portion of the property, that we may own at the death of the survivor, by said survivor and undisposed of at the death of said survivor, either by deed, gift, or will, for the purpose of building a church building for said Methodist Episcopal church at Wamego, Kansas, and for the purpose of furnishing said church in keeping and in harmony with its architecture and finish.

"Third: It is expressly intended by this will, that the surviving husband or wife shall have the full use, control and ownership of said property willed to them herein, and the right to sell the same, give it away, or will it as said survivor may see fit, and the said Methodist Episcopal church at Wamego, Kansas, is to have no right, title or claim to the same until after the death of the survivor prior to his or her death.

"Fourth: It is also expressly to be understood, that the makers of this will, are also to have the right to change, alter or annul the same at any time they may desire, and that it is not the intention of the makers of this will to give to said church any vested right in and to any of their property in any other manner than as indicated and stated herein, for a church building and furnishing of the church.

"Fifth: If there is no monument to the graves of the said parties, the monument will have to be put up first, the balance to go to the building of the church. The Methodist church people are to see after the graves.

"Sixth: It is also expressly to be understood that it is the wish and the desire of the makers hereof that their relatives are to have no part of pracel of their said estate and this is to include the relatives of one as much as the other.

"In witness whereof: We, Henry M. Mitchell and Matilda A. Mitchell, have this our last will and testament consisting of two pages, these our signatures being on this second page thereof, subscribed our names at Wamego, Kansas, this first day of November, 1926.          HENRY M. MITCHELL,

(Duly witnessed.)          MATILDA A. MITCHELL."

On July 18, 1939, Henry M. Mitchell died, and about an hour later Matilda A. Mitchell died. Appropriate proceedings were instituted in the two estates to have the wills admitted to probate, and objections were filed by persons who would have been heirs of Matilda A. Mitchell had she died intestate. These objections were overruled and the will was admitted in each estate, and Floyd Funnell was appointed as administrator with the will annexed of each estate. The objectors perfected appeals to the district court in each estate.

Shortly thereafter the same persons filed a separate action in the district court and under appropriate allegations sought to have item two of the wills declared to be null and void, to have the devise to the church declared void, to have the provisions of the will alleged to create a trust for the benefit of the church declared void, and for a declaration and judgment that Matilda A. Mitchell died intestate and that the plaintiffs be declared to be her heirs at law. By agreement the two appeals and the original action were consolidated. The administrator with the will annexed of the two estates and the church filed separate but substantially identical answers, admitting the deaths of the testators and that their wills had been admitted to probate, and alleging that Matilda A. Mitchell had inherited property from her father and the estate she left was largely the accumulation of such inheritance; that Henry M. Mitchell left an estate consisting of personal property of the value of about $8,000, and that Matilda A. Mitchell left, without considering her husband's estate, real and personal property worth about $52,000; that all of said property had been well handled by the decedents and their last will was written by and in the handwriting of Matilda A. Mitchell. Other allegations of the answers need not be noted.

Plaintiffs filed a motion for trial upon issues of law in advance of the trial, and upon submission the following facts were agreed to: That Henry M. Mitchell and Matilda A. Mitchell were husband and wife and died without issue, and that each owned, in his or her own right, property of substantial value; that Henry M. Mitchell died prior to Matilda A. Mitchell, their deaths occurring on the same day; that the appellants and plaintiffs were heirs at law of Matilda

A. Mitchell; that the named church is a religious corporation under the laws of Kansas, and that Floyd Funnell is administrator with the will annexed of each estate.

Plaintiffs requested conclusions of law consistent with their contentions. Both sides presented briefs, and after consideration the trial court made and filed its conclusions, which were in substance that the will created in the survivor of the testators a life estate with full power of disposal, the church taking a vested remainder, subject to its being divested by disposal of the estate by the survivor; that the devise to the church was not a general religious trust but a charitable gift in trust for a specific purpose and only for the purposes stated in the will; that it was not the intention of the testators to give the church all of the property but only such amount as would be necessary, after the death of the survivor, to build and furnish the church and that the necessary amount was a question of fact to be determined at the trial of the action, and that as to any amount not so necessary, the testator died intestate; that the will had been properly probated as the last will and testament of both testators, and that the sixth clause thereof was not testamentary and was wholly void.

Plaintiffs filed a motion for a new trial, alleging error in certain findings and in not making findings requested by them. Upon denial of the motion they appealed to this court. The defendants filed a cross-appeal. The specifications of error cover the matters complained of as hereinafter mentioned.

In a preliminary way, it may be said that it appears that in the district court neither of the parties contended that the second clause of the will created a life estate in the survivor of the two testators, or that the third clause created a remainder in the church, as the trial court found.

In this court, the general contention of the appellants is that the will did not create a life estate in the survivor of the two testators; that the first clause gave to the survivor the fee in all of the property of the one first to die with the absolute power of disposition including power of disposal by will, and therefore the limitation over in the third clause giving the remaining estate to the church was void as an executory devise because of the power of the first taker to destroy it, and applying that same theory to the will as the will of the survivor, the limitation over being void, the survivor had died intestate and appellants take as her heirs, but that if the be-

quest and devise to the church is not void, it creates a trust for a particular use and can be used for no other, and, inferentially, the appellants as heirs take all that is not necessary for the performance of the trust. The general contention of the appellees is that the will is valid as a testamentary disposition by each of the makers, and that the church took as legatee and devisee of the survivor, the gift being absolute and not in trust.

To support their contention the survivor took the fee in the estate of the one first to die, and not a mere life estate with power of disposition, and that the so-called limitation over is void, appellant directs our attention to *McNutt v. McComb,* 61 Kan. 25, 58 Pac. 965, which may be said to support the contention generally, and to *Donohue v. Skinner,* 118 Kan. 215, 234 Pac. 1000, and *Quinton v. Kendall,* 122 Kan. 814, 253 Pac. 600, which may be said to be persuasive. If not otherwise subject to criticism, support for the trial court's conclusions might be found in *Scott v. Gillespie,* 103 Kan. 745, 176 Pac. 132; *Otis v. Otis,* 104 Kan. 88, 177 Pac. 520; *Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621; *Pearson v. Orcutt,* 106 Kan. 610, 189 Pac. 160; *Mansfield v. Crane,* 116 Kan. 2, 225 Pac. 1087; *Pricer v. Simonton,* 134 Kan. 211, 5 P. 2d 835, in some of which it is clearly pointed out that the strict rule of *Mc-Nutt v. McComb,* supra, no longer obtains in this state. But on account of our conclusions as hereafter set forth, we do not find it necessary to review that particular contention further.

It is settled in this state that the fundamental rule for construing a will is that the intention of the testator is to be gathered from the instrument as a whole, and that intention must prevail if it is consistent with the rules of law. (See *Johnson v. Muller,* 149 Kan. 128, 86 P. 2d 569 and cases cited.) Generally the will should be upheld where possible (*Klingman v. Gilbert,* 90 Kan. 545, 135 Pac. 682); should be construed to avoid intestacy, if possible (*Johnson v. White,* 76 Kan. 159, 90 Pac. 810), the supreme test being to determine the actual intention of the testator (*Thornberry v. Fletcher,* 91 Kan. 744, 139 Pac. 391), although it has been said there is no occasion for employing rules of judicial construction where the intention is expressed clearly and unequivocally in the will (*National Life Ins. Co. v. Watson,* 141 Kan. 903, 905, 44 P. 2d 269). Many other cases may be found, but those cited are illustrative of the rules stated.

We approach consideration of the document before us bearing in mind the makers have themselves denominated it as a joint will.

While early cases may be found holding a joint will invalid, the modern and generally recognized view is to the contrary (Atkinson on Wills, p. 175) and in most jurisdictions it has been held that a joint will may be probated as the will of the first to die, and unless subsequently revoked, may again be probated as the will of the survivor. (See 28 R. C. L. 362, 69 C. J. 1296, and cases collected in 43 A. L. R. 1022, 57 A. L. R. 608, 60 A. L. R. 627 and 102 A. L. R. 491.) Such exceptions as are noted in those annotations are not applicable to the will before us and need not be discussed.

Although the question of the right to probate the will as the will of the survivor has not been before this court specifically, the validity of joint wills has been recognized frequently in this state. (See, among other cases: *Carle v. Miles*, 89 Kan. 540, 132 Pac. 146; *Lewis v. Lewis*, 104 Kan. 269, 178 Pac. 421; *Menke v. Duwe et al.*, 117 Kan. 207, 230 ac. 1065 and *Warwick v. Zimmerman*, 126 Kan. 619, 270 Pac. 612.) In *Nat'l Life Ins. Co. v. Watson*, supra, effect of a joint will, where only one maker had died, was involved, and it was said:

"The joint will of Martin and Beatrice is still a perfectly good will. When in the fullness of time Martin is gathered to his fathers, the real estate of which he dies seized will pass to the seven children named in the fifth clause of the will, as both their parents intended." (p. 905.)

See, also, *St. Denis v. Johnson*, 143 Kan. 955, 57 Pac. 70.

In the instant case it has been stipulated that each of the makers had property of substantial value, so that it may not be said that joinder of either party in making the bequests and devises may be disregarded as surplusage, as was done in *Moore v. Samuelson*, 107 Kan. 744, 193 Pac. 369. We are also advised by the stipulation that neither maker had issue.

Turning to the will itself, the opening clause discloses that Henry M. Mitchell and Matilda A. Mitchell were about the same age, and that it was their joint will, and that by the first clause it was intended to provide for the disposition of all their property without exception. Although the sixth clause may be void as not being testamentary, it does clearly indicate the makers did not intend to leave any of their property to the relatives of either of them. Neither of the makers knew which one would survive the other, nor for how long. With the above-mentioned facts in mind, the parties contemplated what would happen to the property owned by them after their deaths and after the death of the survivor of them. In that contemplation, each had to consider he or she might either be first

to die, or be the survivor, and we are of opinion that the intention of each as expressed in the will might be restated in this way. The will of the first to die was that the survivor was to have all of his or her property absolutely, with full power to dispose thereof by deed or gift or will. The will of the survivor was that all of his or her property, not otherwise disposed of by deed, gift or will should go to the named church for the purposes expressed. We think this construction is compelled by the third and fourth clauses of the will, for in each clause is recitation of the right of the survivor to do as he or she may choose with the property, and that the church shall have no right, title or claim prior to the death of the survivor. The whole will clearly indicates the survivor of the two makers took absolutely and unconditionally from the first to die—the language used is not susceptible of interpretation or construction that the survivor took only a life estate with power of disposal, with a remainder over to the church. Neither is the gift to the church in the nature of an executory devise. The rights of the church arise solely from being the legatee and devisee of the will of the survivor. Under the joint will, the survivor could have made a new will, and dependant on its terms the church might have received much or little, limited or unlimited as to the survivor might have seemed fit, or it could have been cut off entirely. But the survivor made no subsequent will, and no reason appears why her will should not be carried out and performed. This construction, gathered from the whole instrument, is consistent with the law, it upholds the will instead of destroying it, and it avoids intestacy of the survivor, a thing which the makers evidently desired as expressed in the sixth clause.

The next question is what is the nature and extent of the gift to the church. Under the stipulation of facts there is no doubt the beneficiary, Methodist Episcopal Church at Wamego, Kan., is a religious corporation, and that it is a corporation and institution for the advancement of the Christian religion is not subject to debate. Under the language of the will, the gift to the church is "for the purpose of building a church," etc., and "for the purpose of furnishing said church," etc. Generally it has been held that where a gift is given to a corporation for the accomplishment of a purpose for which the corporation was formed, the gift is absolute and not in trust (69 C. J. 713), and more specifically, that where a gift is made to a religious or charitable corporation to aid in carrying out the purposes for which it was formed, it does not create a trust in any legal sense

and is not to be judged by any of the well-known rules pertaining to the law of trusts as applied to individuals (10 Am. Jur. 610). Application of the above principles was made in *Bradley v. Hill*, 141 Kan. 602, 611, 42 P. 2d 580, where a testator by his will gave to the Grand Lodge of the Independent Order of Odd Fellows real and personal property to be held by the Grand Lodge "for use only in maintaining" an old folks home, it being held the words were not strong enough or definite enough to show an intention of the testator to create a trust. In *St. James v. Bagley*, 138 N. C. 313, 50 S. E. 841, 70 L. R. A. 160, it was held that a devise to the wardens of a church "for the purpose of aiding in the establishment of a home for indigent widows or orphans or in the promotion of any other charitable or religious objects," etc., was a gift and did not create a trust. In *In re Baldwin*, 134 N. Y. S. 405, 74 Misc. 325, it was held that a gift to the Brooklyn Masonic Veterans for the purpose of founding a home for destitute Masons, their widows and orphans, was absolute, the definition of purpose being merely precatory. In *In re Havesgaard's Estate*, 59 S. D. 26, 238 N. W. 130, the gift to a church was "to be used in the support and maintenance of Foreign Missions of said church." The court concluded the gift was absolute, no trust was created, the word employed by the testator being precatory only. A multitude of cases dealing with the entire question of precatory trusts, and the sufficiency and effect of expression, may be found in notes in 49 A. L. R. 10, 70 A. L. R. 326, and 107 A. L. R. 896.

Under our wills act in force at the time the will was made (G. S. 1935, 22-258) and as reworded in the new probate code (G. S. 1939 Supp. 59-614) every devise of real estate passed all of the estate of the testator unless it clearly appears by the will the testator intended a less estate to pass. We are of opinion that under her will Matilda A. Mitchell bequeathed and devised her entire estate to the Methodist Episcopal Church at Wamego, Kan., and that the gift was absolute and not in trust, and that the trial court erred in holding otherwise.

We have not mentioned the fifth clause of the will, as it did not pertain to the questions discussed. Out of the fund received, the church must perform the obligation of that clause.

The conclusions of law as made by the trial court are set aside, and the cause is remanded with instructions to substitute conclusions consistent with the views herein expressed.

ALLEN, J., not sitting.